IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEVEN EDWARD BOYD, PRO SE, | § | |
| Randall County ID No. 61433, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0060 |
| | § | |
| JAMES A. FARRIN[1], | § | |
|     Randall County District Attorney, | § | |
| TOBY HUDSON, Corporal, | § | |
| RAYMOND LANCASTER, Captain, | § | |
| NFN LANDRUM, Officer, | § | |
| NFN LOGAN, Officer, | § | |
| RAYMOND SOTO, Officer, | § | |
| MICHAEL HANCOCK, Officer, | § | |
| JAMES CLEMENTS, Officer, | § | |
| NFN SANDERSON, Sgt., | § | |
| COREY JONES, Sgt., | § | |
| KEITH A. CARGO, | § | |
| NFN AINSWORTH, KYLE HAWLEY, | § | |
| NFN PONCE, ANTHONY MERRYMAN, | § | |
| MICHAEL MOGELINSKI, | § | |
| NFN KRIZAN, | § | |
| BRENDA ANN HADLEY, and | § | |
| NFN PACHECO, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff STEVEN EDWARD BOYD, acting *pro se* and while a detainee confined in the Randall County Detention Center, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been given permission to proceed in accordance with Title 28, United States Code, section 1915(b). Upon initial review of

---

[1] The Court notes defendant FARRIN's name is actually spelled "FARREN;" however, the Court will utilize the spelling listed on the docket for the sake of consistency.

the complaint, the Court issued a show cause order requiring plaintiff to state whether he was seeking monetary relief under Title 42, United States Code, section 1382 or was seeking habeas relief, *i.e.*, immediate or sooner release. Plaintiff responded he wanted relief under both Title 42, United States Code, section 1983 and the habeas statute.  On May 15, 2013, the Court issued an Order Severing Habeas Claims, and plaintiff's request for habeas relief was severed into cause no. 2:13-CV-0087.

Plaintiff's Amended Complaint was received on May 22, 2013; and his Questionnaire Response was received June 19, 2013.

Plaintiff alleges, in part, that defendant District Attorney JAMES A. FARRIN presented false evidence to the Grand Jury and charged plaintiff with crimes he has not committed.  When asked what false statements were made by defendant FARRIN, plaintiff responded by referencing the indictments which, he says, were, themselves, based on untruths from officers COREY JONES and ANTHONY MERRYMAN.  However, plaintiff went on to state he did not know whether FARRIN even presented the cases to the Grand Jury or made any false statement. It is clear that, with respect to defendant FARRIN, plaintiff has failed to state a claim on which relief can be granted.

With the exception of defendant District Attorney FARRIN, all of the defendants are employed by various law enforcement agencies and are alleged to have participated in the February 12, 2013 arrest and/or post-arrest questioning of plaintiff.  Plaintiff says he was initially arrested on the basis of outstanding municipal warrants for tickets[2].  The day after his arrest, plaintiff was charged with robbery and a parole hold was placed on him.  He was indicted on

---

[2] Plaintiff's June 26, 2013 Response to the Court's Questionnaire at question no. 9.

April 3, 2013 for Robbery Enhanced in cause no. 24,143 and for Aggravated Robbery Enhanced in cause no. 24,142. Plaintiff is currently awaiting trial on those charges.

By his Amended Complaint and his Questionnaire Response, plaintiff claims the defendant officers illegally arrested him. When asked how the arrest was illegal, plaintiff stated he was forced to the ground in the parking lot of his apartment building by 10 to 15 officers dressed in black and carrying assault rifles and pointing them at his head. Plaintiff says defendants HUDSON and SANDERSON shoved plaintiff's head down with their guns and defendant PONCE put his foot on plaintiff. He says they told him to get on the ground and not move or they would blow his head off. Plaintiff says his two step-children were with him at the time and were frightened. Plaintiff says when he asked why he was being arrested, officers responded they did not know and did not respond to his request for a lawyer or to use a phone. Plaintiff says they refused to tell him whether they had an arrest warrant or a search warrant.

When asked whether he was arrested on a parole violation, plaintiff responded he was arrested on outstanding municipal warrants for tickets. Because, as plaintiff admits, there were outstanding municipal warrants, officers possessed sufficient probable cause to arrest plaintiff. *Brooks v. State*, 76 S.W.3d 426 (Tex.App. – Houston [14th Dist.] 2002, no pet.). Plaintiff may also be attempting to state a claim of excessive force; however, plaintiff was merely forced to the ground by armed law enforcement personnel and informed he was under arrest. Plaintiff points out his two step children were present; however, to the extent plaintiff's complaint could possibly be construed to state a claim for "bystander liability" under 42 U.S.C. § 1983, those claims should be dismissed. See *Thomas v. Federick,* 766 F.Supp. 540, 566 (W.D.La.1991)(there is no constitutional right to be free from witnessing police action).

Plaintiff also claims his person, his car, and his apartment, which he shared with a common law wife, were also searched and various items were taken by police to be used as evidence against him in his upcoming trials.

The *Younger* abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971). The abstention doctrine requires a federal district court to refrain from interfering with pending state criminal proceedings in deference to the principles of equity, comity, and federalism[3]. Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church*, Inc. V. Morales, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82 (1993)), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2583 (1995). "[T]he pending state proceeding must be ongoing and judicial in nature." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 798 (5th Cir. 1997).

To escape application of this doctrine, the injury threatened must be irreparable, great and immediate, and the threat to federally protected rights must be one that cannot be eliminated by defense against a single criminal prosecution. Further, the Fifth Circuit has held that the *Younger* abstention doctrine is not applicable to a claim for damages. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

---

[3]*Younger v. Harris,* 401 U.S. 37, 53 (1971).

It appears that the searches plaintiff challenges in the instant suit are central to the criminal proceedings presently pending against plaintiff in state court and, therefore, that abstention is appropriate under *Younger*. Moreover, plaintiff appears to be attempting a collateral attack on the charges for which he is awaiting trial by accusing the charging officers of lying to the Grand Jury. With respect to this claim, as well, abstention is appropriate under *Younger*.

Nevertheless, because plaintiff's claim for monetary relief will not be addressed in the pending state criminal prosecution it is appropriate to stay that portion which deals with his claim for monetary relief pending the conclusion of state court proceedings. *Id*.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's claims against defendant FARRIN be DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED; plaintiff's claims of illegal arrest, excessive force, and "bystander liability" under 42 U.S.C. § 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS, and to the extent plaintiff requests injunctive relief, the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff STEVEN EDWARD BOYD be DISMISSED PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE.

It is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that, to the extent plaintiff requests monetary relief on his claims of illegal search

and seizure, the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff STEVEN EDWARD BOYD be STAYED PENDING COMPLETION OF PLAINTIFF'S CRIMINAL TRIAL AND THAT PLAINTIFF BE REQUIRED TO FILE A PLEADING EVERY NINETY DAYS WITHOUT FAIL ENTITLED "UPDATE ON THE STATUS OF PLAINTIFF'S CRIMINAL CASES," WITH DISMISSAL FOR FAILURE TO PROSECUTE SHOULD PLAINTIFF FAIL TO TIMELY FILE SUCH PLEADING.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of July, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).