IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STEVEN EDWARD BOYD, PRO SE, <br> Randall County ID No. 61433, <br><br> Plaintiff, <br><br> v. <br><br> JAMES A. FARRIN[1], <br>     Randall County District Attorney, <br> TOBY HUDSON, Corporal, <br> RAYMOND LANCASTER, Captain, <br> NFN LANDRUM, Officer, <br> NFN LOGAN, Officer, <br> RAYMOND SOTO, Officer, <br> MICHAEL HANCOCK, Officer, <br> JAMES CLEMENTS, Officer, <br> NFN SANDERSON, Sgt., <br> COREY JONES, Sgt., <br> KEITH A. CARGO, <br> NFN AINSWORTH, KYLE HAWLEY, <br> NFN PONCE, ANTHONY MERRYMAN, <br> MICHAEL MOGELINSKI, <br> NFN KRIZAN, <br> BRENDA ANN HADLEY, and <br> NFN PACHECO, <br><br> Defendants. | 2:13-CV-0060 |

**ORDER OF PARTIAL DISMISSAL; ORDER STAYING
CONSIDERATION OF UNREASONABLE SEARCH AND SEIZURE
CLAIMS; AND ORDER TO FILE PERIODIC UPDATES TO THE COURT**

Plaintiff STEVEN EDWARD BOYD, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, originally filed suit pursuant to Title 42,

---

[1] The Court notes defendant FARRIN's name is actually spelled "FARREN;" however, the Court will utilize the spelling listed on the docket for the sake of consistency.

United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On July 1, 2013, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal for failure to state a claim on which relief can be granted, with prejudice as frivolous, pursuant to the *Younger* Abstention Doctrine, and that plaintiff's requests for monetary relief on his claims of illegal search and seizure be stayed pending completion of plaintiff's criminal action(s), and that plaintiff be required to file a pleading every ninety days without fail entitled "Update on the Status of Plaintiff's Criminal Cases," with dismissal for failure to prosecute should plaintiff fail to timely file such pleading.

Plaintiff filed his Objections on July 9, 2013.

By his Objections, plaintiff argues, in part, that he did not consent to have his case handled by the United States Magistrate Judge. Plaintiff's consent was not required. The case was referred to the Magistrate Judge by the District Judge in accord with Title 28, United States Code, section 636(b)(1).

Plaintiff argues he stated a claim against defendant FARRIN because defendant FARRIN or someone working under him in the District Attorney's Office or a member of the police force told the Grand Jury plaintiff had admitted his guilt to one or more crimes, which plaintiff says is not true. It is clear that plaintiff feels someone acted wrongly and, therefore, defendant FARRIN is liable because he is the District Attorney. At best, plaintiff is asserting a claim based on *respondeat superior*. Theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

2

Plaintiff argues that law enforcement officers had no right to assault him causing injury to his neck and back. He says he did not resist arrest, but only requested "to call for an attorney for their illegal actions." By the Court's June 19, 2013 Briefing Order Questionnaire, plaintiff was asked to describe all the circumstances surrounding his arrest, including everything he said and did and what each person present said and did. Plaintiff stated he was forced to the ground with assault rifles and an Officer Ponce "had his foot on [plaintiff]." Nothing in plaintiff's description shows the force used was clearly excessive to the need and that it was objectively unreasonable. *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989).

As for the threats officers purportedly made, it is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993).

Plaintiff also attempts to add a new request for relief, stating he wants the Court to file charges on the police officers. There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. This new claim for relief lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that, except for plaintiff's requests for monetary relief on his claims of illegal search and seizure, the Civil Rights Complaint by STEVEN EDWARD BOYD is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED; DISMISSED WITH PREJUDICE AS FRIVOLOUS; and to the extent plaintiff requests injunctive relief, the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff STEVEN EDWARD BOYD is DISMISSED PURSUANT TO THE *YOUNGER* ABSTENTION DOCTRINE.

As to PLAINTIFF'S REQUEST FOR MONETARY RELIEF ON HIS CLAIMS OF ILLEGAL SEARCH AND SEIZURE, resolution of these claims is STAYED PENDING COMPLETION OF PLAINTIFF'S PENDING CRIMINAL PROSECUTIONS.

PLAINTIFF IS HEREBY ORDERED TO FILE A PLEADING ENTITLED "UPDATE ON THE STATUS OF PLAINTIFF'S CRIMINAL CASES" BY WHICH PLAINTIFF SHALL INFORM THE COURT OF THE STATUS OF EACH OF THE CRIMINAL CASES AGAINST HIM. PLAINTIFF SHALL FILE A NEW UPDATE ON THE STATUS OF PLAINTIFF'S CRIMINAL CASES EVERY NINETY DAYS FROM THE DATE OF THIS ORDER. A FAILURE TO TIMELY AND FULLY COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF PLAINTIFF'S REMAINING CLAIMS WITHOUT FURTHER NOTICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 17th day of July, 2013.

MARY LOU ROBINSON
United States District Judge